**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas M. ANDERSON, Defendant-Appellant,**

No. 82-1726.

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 1983.

Decided June 28, 1983.

Mark E. Kalmansohn, Los Angeles, Cal., for plaintiff-appellee.

Janet Levine, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Before BROWNING, Chief Judge, CHOY and FERGUSON, Circuit Judges.

PER CURIAM:

To show defendant aided and abetted a misapplication of bank funds in violation of 18 U.S.C. § 656, the government was required to show (1) that a bank employee misapplied bank funds and (2) that defendant knew of the bank employee's substantive offense and acted with the intent to further it. *Benchwick v. United States,* 297 F.2d 330, 332–33 (9th Cir.1961). *See United States v. Franklin,* 608 F.2d 241, 244–45 (6th Cir.1979); *United States v. Tokoph,* 514 F.2d 597, 603 (10th Cir.1975). Defendant conceded the first element. Based on the

stipulated facts, a rational trier of fact could have found the second element beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

Thus, a rational trier of fact could have inferred defendant knew a bank employee was involved and intended to aid the bank employee in withdrawing bank funds, from the fact that defendant must have known he was not authorized to withdraw money from the Clos account, that only someone with knowledge of the bank's accounts could select an account with sufficient funds to cover defendant's withdrawals, and that only someone with knowledge of the bank's procedures could obtain the fraudulent forms and place in the bank's records the false authorization and identification information necessary to secure bank approval each time defendant withdrew funds. It was also significant that defendant made the two largest withdrawals in the form of cashier's checks, which he cashed the same day at another of the bank's branches in a distant city, with the apparent purpose of diverting suspicion away from the branch where the insider worked.

The conviction is affirmed.