**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Anthony STOZEK, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Glenn ROBERTS, Defendant-Appellant.**

**Nos. 84–1351, 84–1354.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 1985.

Decided Feb. 25, 1986.

Donald Cavin Hill, Asst. U.S. Atty., Reno, Nev., for plaintiff-appellee.

Lawrence J. Semenza, N. Patrick Flanagan, Asst. Federal Public Defender, Reno, Nev., for defendant-appellant.

Before SNEED, KENNEDY, and BOOCHEVER, Circuit Judges.

KENNEDY, Circuit Judge:

Appellants Glenn Roberts and Robert Stozek appeal their convictions for misapplication of bank funds, in violation of 18 U.S.C. § 656. We affirm.

In July 1982, Roberts was hired as a local branch manager of the Valley Bank of Nevada. Soon after joining Valley Bank, Roberts became acquainted with Stozek, a real estate developer who was seeking financing for certain construction projects in Colorado. Stozek opened a checking account at Valley Bank in September 1982, with a deposit of $500.

Through Roberts, Stozek was introduced to various loan brokers, through whom Stozek hoped to obtain the tens of millions of dollars in loans he needed for his construction projects. Stozek did not obtain a financing commitment, but he drew a total

of approximately $414,000 on his Valley Bank checking account between September 1982 and January 1983. To cover his Valley Bank checks, Stozek deposited checks drawn on his accounts at other banks. During the period in question, he deposited twenty-five checks, totaling $871,939.16, in the Valley Bank account. Twenty-two of these checks, totaling $870,939.16, were returned because of insufficient funds.

For months, Roberts allowed Stozek to continue doing business through Valley Bank despite a large overdraft and a steady stream of returned checks, some of which were returned more than once. Roberts personally supervised Stozek's account in such a manner that both his inferiors and superiors at the Bank remained ignorant of its true status. Roberts approved the payment of Stozek's overdrawn checks, and at least once assured a creditor of Stozek's that Stozek's check would clear. In January 1983, when senior officials at Valley Bank discovered that Stozek's account was several hundred thousand dollars overdrawn, Roberts was fired.

Roberts and Stozek were indicted on charges of misapplying bank funds, 18 U.S.C. § 656, conspiracy, 18 U.S.C. § 371, and two counts of wire fraud, 18 U.S.C. § 1343. After being tried together before a jury, they were both acquitted on the conspiracy and wire fraud charges, but found guilty of misapplying bank funds, Roberts as a principal and Stozek as an aider and abettor. They were sentenced to five years' probation, conditioned on their making restitution to the Bank and performing two thousand and eighty hours of community service. Both Roberts and Stozek appeal their convictions.

■ Roberts contends that his conviction cannot stand because there is insufficient evidence of his intent to injure or defraud the Bank. Roberts is correct that 18 U.S.C. § 656 requires an intent to injure or defraud the Bank, *United States v. Beattie*, 594 F.2d 1327, 1329 (9th Cir.1979), or such knowing misappropriation as would constitute a willful violation of the law. The requisite intent under section 656 may

be inferred from defendant's reckless disregard of the Bank's interests, though reckless disregard is not in itself sufficient to impose criminal liability. *United States v. Adamson*, 700 F.2d 953, 956–65 (5th Cir.) (en banc) (reviewing cases), *cert. denied*, 464 U.S. 833, 104 S.Ct. 116, 78 L.Ed.2d 116 (1983); *Benchwick v. United States*, 297 F.2d 330, 333 n. 5 (9th Cir.1961).

■ Roberts argues that he did not mean to hurt the Bank, and that at worst he showed poor judgment. Roberts chose, however, to allow Stozek a substantial overdraft, in effect giving Stozek free use of the Bank's funds, without adequately ensuring that Stozek would be able to cover the checks he was drawing. Roberts continued to allow Stozek to draw on his Valley Bank account even after Stozek's checks from other banks were returned for insufficient funds. There was evidence, moreover, that Roberts sought to conceal the overdrawn status of Stozek's account from his superiors at the Bank. Finally, there was evidence that Roberts was interested in keeping Stozek afloat because Roberts was to receive a commission on any loan that Stozek would ultimately obtain. Viewing the evidence in the light most favorable to the government, a rational jury could find beyond reasonable doubt, *see Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), that Roberts acted in reckless disregard of the Bank's interests, and infer from such conduct an intent to injure or defraud the Bank.

■ Stozek argues that the evidence is insufficient to convict him as an aider and abettor, and suggests that he is not guilty of a crime even if Roberts is. During the period in question, however, Stozek drew hundreds of thousands of dollars from a bank account into which he deposited virtually nothing but worthless checks. Even after his checks drawn from other banks were returned for insufficient funds, Stozek continued to draw on his Valley Bank account. This is sufficient evidence to support a finding of reckless disregard of the Bank's interests, from which intent to in-

jure or defraud may be inferred. *See Benchwick*, 297 F.2d at 332–33, 333 n. 5 (holding evidence sufficient to support conviction of aider and abettor under 18 U.S.C. § 656); *United States v. Anderson*, 709 F.2d 563 (9th Cir.1983) (per curiam) (same).

Stozek also challenges the sufficiency of Count I of the indictment, under which both Roberts and Stozek were convicted. Count I reads as follows:

> GLENN ROBERTS, defendant herein, between September 28, 1982 and February 9, 1983, in the District of Nevada and elsewhere, being an employee, that is Branch Manager of Valley Bank of Nevada, Glendale Branch, Sparks, Nevada, an insured bank, with intent to injure and defraud said bank, wilfully and knowingly did wilfully misapply monies and funds of the said bank in the amount of approximately $413,769.54, and that ROBERT A. STOZEK wilfully and knowingly did aid and abet GLENN ROBERTS; all in violation of Title 18, United States Code, Sections 656 and 2.

Stozek contends that Count I is defective in failing to specify facts regarding his alleged complicity. Count I is sufficient, however, to state an offense under 18 U.S.C. § 656, *see United States v. Welliver*, 601 F.2d 203, 207–08 (5th Cir.1979) (upholding sufficiency of indictment under 18 U.S.C. § 656), *overruled in part on other grounds, United States v. Adamson*, 700 F.2d 953, 956–65 (5th Cir.) (en banc), *cert. denied*, 464 U.S. 833, 104 S.Ct. 116, 78 L.Ed.2d 116 (1983), and the indictment is not required to recite specific facts regarding the conduct of a defendant charged as an aider and abettor, *Coffin v. United States*, 156 U.S. 432, 448, 15 S.Ct. 394, 400, 39 L.Ed. 481 (1895) (upholding indictment for aiding and abetting misapplication of bank funds); *United States v. Garrison*, 527 F.2d 998, 999 (8th Cir.1975) (citing *Coffin* ). Moreover, the count that Stozek challenges states: (1) the code section under which appellants were charged; (2) the identity of the principal; (3) the identity of the victim of the crime; (4) the applicable *mens rea;* (5) the dates during which the offense was allegedly committed; and (6) the amount of the loss. We are satisfied that the indictment was sufficient to inform Stozek of the specific offense with which he was charged. *Cf. United States v. Martin*, 747 F.2d 1404, 1407–08 (11th Cir.1984) (conviction of aider and abettor reversed where indictment failed to state the principal offense or identify the principal actor).

Finally, Stozek argues that his conviction for aiding and abetting the misapplication of bank funds must be reversed because it is inconsistent with his acquittal on the conspiracy and wire fraud counts. Stozek's contention is meritless for two reasons. First, that a jury verdict of conviction on one count of an indictment is incompatible with a verdict of acquittal on another count does not warrant reversal of the conviction. The Supreme Court recently reaffirmed the longstanding rule that inconsistent jury verdicts are permissible. *United States v. Powell*, — U.S. —, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984); *United States v. Horowitz*, 756 F.2d 1400, 1406 (9th Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 74, 88 L.Ed.2d 60 (1985). Second, even assuming inconsistent verdicts were impermissible, Stozek's conviction for aiding and abetting the misapplication of bank funds is not inconsistent with his acquittal on either the conspiracy or the mail fraud charges. Conspiracy requires proof of an agreement, which aiding and abetting does not. *Iannelli v. United States*, 420 U.S. 770, 777 n. 10, 95 S.Ct. 1284, 1289 n. 10, 43 L.Ed.2d 616 (1975); *United States v. Phillips*, 664 F.2d 971, 1010 (5th Cir.1981), *cert. denied*, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354, *cert. denied*, 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982). Disregarding the two acts alleged in the wire fraud counts, there was sufficient evidence to convict Stozek of misapplication of bank funds.

The judgments of conviction under Count I of the indictment, charging appellants Roberts and Stozek with misapplication of bank funds, are AFFIRMED.