930 F.2d 921
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Martin WILLIAMS, aka Marty Williams, Defendant-Appellant.
 No. 89-50669.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1991.
Decided April 15, 1991.
 Before BEEZER, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Martin Williams appeals his conviction and sentence for conspiracy to possess cocaine with intent to distribute. We affirm.
 
 
 3
 * Aretha Ann Terrell and Johnnie Johnson were arrested when nine kilograms of cocaine were found in their suitcase as they stood in line to buy tickets at the Los Angeles International Airport. During questioning, the women said they were hired by drug dealers in Chicago to travel to Los Angeles to pick up a delivery of cocaine from "Marty Williams." They stated that the cocaine in their suitcase had been given to them by Williams in exchange for money they had brought from Chicago. Although each woman described the person who gave them the cocaine as having a moustache, which the defendant does not, each later stated that she had lied. Each woman chose a picture of Williams out of a photospread of six pictures of black men, three of whom had moustaches, and each identified Williams in court as the person from whom they obtained the drugs. Johnson also had scraps of paper in her purse on which were written the phone numbers of Williams' home, office and pager.
 
 
 4
 A search of Williams' apartment revealed two digital scales of the kind commonly used to weigh cocaine, one of which was covered with a residue of cocaine powder. The police also found identification tags from the women's suitcases. Toll records for the telephone in Williams' apartment showed calls to a number in Chicago identified by Terrell and Johnson as the number of the drug dealer who hired them to pick up the cocaine.
 
 
 5
 On December 2, 1988, the first superseding indictment was returned, charging Williams, Johnson and Terrell with conspiracy to possess cocaine with intent to distribute, and possession of cocaine with intent to distribute, in violation of 21 U.S.C. Secs. 841(a)(1), 846. Both Terrell and Johnson pleaded guilty to the conspiracy count pursuant to plea agreements.
 
 
 6
 Williams was tried, but on March 21, 1989, a mistrial was declared because the jury could not reach a verdict regarding either count. At retrial, the jury found Williams guilty of the conspiracy count, but was unable to reach a verdict on the substantive count. The district court declared a mistrial as to the substantive count, which was later dismissed on the government's motion. Williams was sentenced to imprisonment for 175 months, to be followed by a five-year term of supervised release. Williams appeals his conviction.
 
 II
 
 7
 Williams claims the evidence was insufficient to support a guilty verdict on the conspiracy count. "In reviewing the sufficiency of the evidence on appeal, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Litteral, 910 F.2d 547, 550 (9th Cir.1990) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original)).
 
 
 8
 "The essential elements of a conspiracy are (1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime." Id. (quotation omitted). The agreement may be implicit, and may be inferred from the facts and circumstances. Id. "Once the existence of the conspiracy is shown, the question is whether there was sufficient evidence for a rational jury to conclude that the defendant had at least a slight connection with the conspiracy and that the defendant knew he was connected therewith." United States v. Lester, 749 F.2d 1288, 1296 (9th Cir.1984) (quotation omitted).
 
 
 9
 Here, there was sufficient evidence for the jury to find that Williams knowingly participated in the conspiracy. Johnson and Terrell identified Williams, both in a photospread and in court, as the person from whom they received the cocaine. They testified that he was present when they opened the suitcase. The paper in Johnson's purse had three telephone numbers corresponding to three of Williams' telephone numbers. Telephone records showed that calls were made from Williams' telephone to the number identified by Johnson and Terrell as that of the drug dealer who hired them. The apartment manager testified that Williams was the only tenant in his apartment and that she saw him in the building around noon on the day in question. The message on the telephone answering machine in Williams' apartment identified only Williams as an occupant of the apartment. Scales associated with cocaine distribution were found in the apartment and had cocaine residue on them.
 
 
 10
 There was some evidence that contradicted the evidence suggesting Williams' participation in the conspiracy, such as the testimony of one witness that Williams was at his auto-body shop on September 14, and that another person lived with Williams. However, on review, we must respect "the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." United States v. Boise, 916 F.2d 497, 499 (9th Cir.1990) (citations omitted).
 
 III
 
 11
 Williams argues that the fact that the jury was unable to reach a conclusion with respect to the substantive charge of possession of cocaine with intent to distribute is fundamentally inconsistent with the conviction on the conspiracy charge. However, even if two verdicts are logically inconsistent, reversal is required only if there is insufficient evidence to support the guilty verdict. United States v. Johnson, 804 F.2d 1078, 1083 (9th Cir.1986); United States v. Van Brandy, 726 F.2d 548, 552 (9th Cir.), cert. denied, 469 U.S. 839 (1984).
 
 IV
 
 12
 Williams argues that the district court erred by basing the offense level for his sentence on the nine kilograms of cocaine alleged in the substantive count for which he was not convicted. Sentencing Guideline section 2D1.4 states:
 
 
 13
 Base Offense Level: If a defendant is convicted of a conspiracy or an attempt to commit any offense involving a controlled substance, the offense level shall be the same as if the object of the conspiracy or attempt had been completed.
 
 
 14
 U.S.S.G. Sec. 2D1.4 (1990).
 
 
 15
 The conspiracy charge did include an allegation that the conspiracy was to be accomplished by Williams giving "approximately nine (9) kilograms of cocaine" to Terrell and Johnson, and stated that one of the overt acts was that Williams "distributed approximately nine (9) kilograms of cocaine to them."
 
 
 16
 In any event, "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." U.S.S.G. Sec. 1B1.3 Background. Thus, the district court could properly have considered the amount specified in the possession count in determining the base offense level for Williams' sentence. See United States v. Avila, 905 F.2d 295, 299 (9th Cir.1990) (in sentencing for conspiracy to distribute and distribution, court may include an amount of cocaine covered in a dismissed count); United States v. Turner, 898 F.2d 705, 711 (9th Cir.), cert. denied, 110 S.Ct. 2574 (1990) (in sentencing for distribution, court "can aggregate amounts of drugs for which the defendant has not been convicted").
 
 V
 
 17
 Williams alleges that at his first trial, after one of his witnesses, Mr. Paredes-Vazquez, testified, a DEA agent threatened Paredes with arrest and with INS action. According to Williams, Paredes then immediately spoke to other defense witnesses in Spanish. Before these other witnesses could be called, they had disappeared. Although Paredes testified at the second trial, Williams claims that his right to call witnesses on his own behalf was violated by this intimidation because the other witnesses were unavailable to him at the second trial.
 
 
 18
 We generally will not consider an issue first raised on appeal unless the issue is purely legal and needs no additional development on the record, or there is clear error or manifest injustice. Animal Protection Institute v. Hodel, 860 F.2d 920, 927 (9th Cir.1988) (citations omitted). No exception to this rule exists here. Williams presents no evidence that he attempted to call these witnesses or to procure their attendance at his second trial, or that he ever advised the court that these other witnesses existed but were unavailable. He does not indicate that he sought to introduce their prior statements under one of the hearsay exceptions for unavailable witnesses. See Fed.R.Evid. 804(b).
 
 VI
 
 19
 During the second trial, Williams attempted to introduce the statement of a witness named Tony Smith, who was not present at either trial. It appears that Smith's testimony was intended to show that Williams allowed Smith to use the apartment where Terrell and Johnson received the cocaine and that it was Smith who was involved in the transaction.
 
 
 20
 A trial court's decision to exclude testimony is reviewed for abuse of discretion. United States v. Slaughter, 891 F.2d 691, 696 (9th Cir.1989) (citation omitted). Williams claimed that Smith's out-of-court statement was admissible as the statement of an unavailable witness, pursuant to Fed.R.Evid. 804. Rule 804 requires that the proponent of the statement must have been "unable to procure the declarant's attendance ... by process or other reasonable means." Although Williams claims he used "all due diligence" to procure Smith's attendance, there is no evidence of such diligence. The excerpts of record include a subpoena for Smith's attendance at the second trial, but there is nothing to show that the subpoena was ever served on Smith.
 
 
 21
 Furthermore, Smith's statement would only be admissible as a statement against interest. Rule 804(b)(3) provides that such a statement, if it tends "to expose the declarant to criminal liability and [is] offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." Fed.R.Evid. 804(b)(3). Although there was some evidence that Smith existed, and that he may have used Williams' apartment, these statements are not really probative of the trustworthiness of Smith's statement, and it cannot be said that the district court abused its discretion in refusing to admit the statement.
 
 VII
 
 22
 Williams' final argument is that the court erred in admitting Terrell's testimony that Williams told Terrell that his lawyer played tennis with the district court judge and that Williams "could get his lawyer to talk to the judge to ... get us a lighter sentence." Williams contends that this testimony required his attorney to testify that the attorney did not play tennis with the judge, which damaged the attorney's credibility with the jury and prejudiced Williams.
 
 
 23
 The decision to admit or exclude evidence is reviewed for abuse of discretion. United States v. Sanchez-Lopez, 879 F.2d 541, 553 (9th Cir.1989). The simple fact that evidence is incriminating does not render it prejudicial; prejudicial indicates "a tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed.R.Evid. 403, Advisory Committee Note.
 
 
 24
 In the present case, the government offered to stipulate to the fact that Williams' counsel had never played tennis with the judge, and advised the court that it intended to argue only that Williams made the statement in an attempt to persuade Terrell not to testify against him. Furthermore, even if Williams' counsel felt "compelled" to set the record straight by testifying, there is nothing to show that this testimony prejudiced Williams' case.
 
 AFFIRMED.[1]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 By letter dated February 11, 1991, Williams requested another opportunity to argue this case. Treating this letter as a motion for reconsideration, the motion is premature and may be made subsequent to the filing of this disposition in accordance with Fed.R.App.P. 40 and Ninth Circuit Rules 40-1, 40-2