**UNITED STATES of America, Plaintiff-Appellant,**

**v.**

**Larry Bruce JOHNSON, Defendant-Appellee.**

No. 86–3011.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 2, 1986.

Decided Nov. 18, 1986.

Fred N. Weinhouse, Office of the U.S. Atty., Portland, Or., Rangeley Wallace, Dept. of Justice, Crim. Div., Washington, D.C., for plaintiff-appellant.

Stephen R. Sady, Federal Public Defenders Office, Portland, Or., for defendant-appellee.

Before WRIGHT, GOODWIN and NELSON, Circuit Judges.

NELSON, Circuit Judge:

The United States appeals the district court's grant of Larry Bruce Johnson's motion for judgment of acquittal, 623 F.Supp. 579 (1985). A jury had acquitted Johnson

of violating 18 U.S.C. § 2113(a)—bank robbery—and convicted him of violating 18 U.S.C. § 2113(c)—knowing possession of stolen bank property. In granting the motion, the district court found insufficient evidence that Johnson knew the money he possessed was stolen. It reasoned that, as a matter of law, the theory upon which the § 2113(c) conviction was based could not be that Johnson participated in the robbery and found that there was insufficient evidence to support any other theory of how Johnson knew the money was stolen. The district court also determined that the jury "rejected" eyewitness testimony concerning Johnson's alleged participation in the bank robbery when it acquitted Johnson on the § 2113(a) charge and that, without this testimony, there was insufficient evidence that Johnson knew the money was stolen. In addition, Johnson argues that the theory that he "was not the bank robber, but was in knowing possession of bank loot is being presented for the first time on appeal" and that "reliance on a theory not presented at trial would violate due process." We disagree with the district court's interpretation of § 2113(c) and its implicit contention that apparently inconsistent verdicts can serve as a basis for setting aside a jury's verdict. We also find no merit in Johnson's due process argument. Accordingly, we reverse the district court's grant of the motion for acquittal and remand for sentencing and a ruling on Johnson's motion that, because the indictment did not charge that Johnson possessed more than $100 in stolen bank property, the charge under § 2113(c) is a misdemeanor.

## FACTS

On August 5, 1985, two men entered the United States National Bank in Tigard, Oregon, and approached two adjoining teller windows. One man, wearing a blue wig, demanded and received money from the first teller. The first teller testified that he also demanded money from a second teller sitting behind the adjoining window, that the second teller passed the money to her and she gave it to the man in the blue wig, and that the second man did nothing but "stand there." She could not positively identify the second man as Johnson. The second teller testified that the second man had his hand inside a bag, apparently holding a weapon, and that he stated: "Don't any of you move. I want to see your hands." He then demanded money from her. She did not recall whether she passed the money to the first teller or handed it to the second man. At trial, she identified the second man as Johnson, even though soon after the robbery she was unable to identify Johnson from a photograph as one of the participants in the robbery.

Other eyewitnesses saw the man wearing the blue wig and another man, whom they identified as Johnson, leave the bank in a car. One of the witnesses further testified that the man identified as Johnson had nothing in his hands when he left the bank. One of the witnesses recorded the license plate number of the car.

On the afternoon of the day of the robbery, FBI agents traced the car to its owner's residence and followed the owner in a second car to a building on Insley Street. When the owner tried to leave the building agents stopped the car and searched it and its occupants, including Johnson. On Johnson's side of the car, they found a hat and shirt that matched a description of clothing worn by one of the two men seen in the bank. Johnson also had in his possession a large amount of cash, which included bait bills from the bank. At trial, Johnson claimed that he had received the money from a drug sale at the building on Insley Street and from his winnings at the race track and that he was given the clothing as he left the Insley Street building.

The jury acquitted Johnson of violating 18 U.S.C. § 2113(a)—bank robbery—and convicted him of violating 18 U.S.C. § 2113(c)—knowing possession of money stolen from a bank. Johnson moved for judgment of acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure. The district court reasoned that Congress did not intend § 2113(a) and § 2113(c) to be a "double-pronged attack" on suspected

bank robbers and that therefore a conviction under § 2113(c) must be based on a theory other than that Johnson was one of the two men who committed the robbery. It set aside the jury's verdict and acquitted Johnson on the ground that there was insufficient evidence to support Johnson's conviction based on any other theory. It also determined that the jury "rejected" the eyewitness testimony concerning Johnson's participation in the robbery when it acquitted Johnson on the § 2113(a) charge. We disagree with these contentions.

## DISCUSSION

### I. *The Interpretation of 18 U.S.C. § 2113(c)*

■ Interpretation of a statute presents a question of law reviewable de novo. *United States v. Wilson,* 720 F.2d 608, 609 n. 2 (9th Cir.1983), *cert. denied,* 465 U.S. 1034, 104 S.Ct. 1304, 79 L.Ed.2d 703 (1984); *United States v. Moreno-Pulido,* 695 F.2d 1141, 1143 (9th Cir.1983).

One is guilty under § 2113(a) if one, "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank." 18 U.S.C. § 2113(a) (1982). One is guilty under § 2113(c) if one "receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value which has been taken or stolen from a bank, credit union, or savings and loan association in violation of subsection (b), knowing the same to be property which has been stolen."[1] 18 U.S.C. § 2113(c) (Supp. III 1985). A conviction under § 2113(c) can thus be based on the following elements: (1) that the money was stolen from a federally insured bank, (2) that the defendant received or possessed the money, and (3) that he received or possessed it knowing it

was stolen. *See United States v. Scruggs,* 549 F.2d 1097, 1103 (6th Cir.), *cert. denied,* 434 U.S. 824, 98 S.Ct. 70, 54 L.Ed.2d 81 (1977).

■ It is well established that one cannot be convicted under both § 2113(a) and § 2113(c). *United States v. Gaddis,* 424 U.S. 544, 547, 96 S.Ct. 1023, 1026, 47 L.Ed.2d 222 (1976); *Heflin v. United States,* 358 U.S. 415, 419, 79 S.Ct. 451, 453-54, 3 L.Ed.2d 407 (1959) ("We find no purpose of Congress to pyramid penalties for lesser offenses following the robbery."). One, however, can be charged with both offenses. *Gaddis,* 424 U.S. at 550, 96 S.Ct. 1027 (stating that "there can be no impropriety ... for a prosecutor to file an information containing counts charging violations of 18 U.S.C. § 2113(a), (b), or (d), as well as of § 2113(c)"). When dual charges are made, the district court must instruct the members of the jury that they "must first consider the charges under § 2113(a), (b), or (d), and should consider the charge under § 2113(c) only if they find *insufficient proof* that the defendant himself was a participant in the robbery." *Id.* (emphasis added).

■ The district court relied on language from *Heflin,* 358 U.S. at 420, 79 S.Ct. at 454 (stating that "we think Congress was trying to reach a new group of wrongdoers [under § 2113(c)], not to multiply the offense of the bank robbers themselves"), and *Gaddis,* 424 U.S. at 548, 96 S.Ct. at 1026 (stating that "§ 2113(c) reaches a different 'group of wrongdoers,' *i.e.,* 'those who receive the loot from the robber'"), in deciding that a theory that Johnson participated in the robbery could not support a conviction under § 2113(c). We disagree with this interpretation of § 2113 and hold that § 2113(c) does not require evidence to be disregarded by the trier of fact simply because, under § 2113(a), it shows that Johnson participated in the robbery.

---

1. Subsection (b) provides in part that "[w]hoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both." 18 U.S.C. § 2113(b) (1982).

The language of *Heflin* and *Gaddis* relied on by the district court does not support its interpretation of § 2113. At issue in *Heflin* and *Gaddis* was the propriety of *dual* convictions under § 2113(a), (b), or (d) and § 2113(c). The Supreme Court concluded that dual convictions were improper because Congress sought to reach two groups of wrongdoers: "bank robbers" or "actual participant[s]" in bank robberies, as defined by the elements of § 2113(a), (b), or (d); and those who receive loot from the robber, who are subject to conviction under § 2113(c). *See, e.g., Gaddis*, 424 U.S. at 547–48, 550 n. 13, 96 S.Ct. at 1025–26, 1027 n. 13; *Heflin*, 358 U.S. at 419, 79 S.Ct. at 453 (stating that "subsection (c) was not designed to increase the punishment for him who robs a bank but only to provide punishment for those who receive the loot from the robber"). The Court did not say that evidence that might have supported a finding that the defendant participated in the robbery under § 2113(a), (b), or (d) could not be used to support a conviction under § 2113(c).

■ We hold that § 2113(c) reaches a person who, though not a "bank robber" because of an acquittal under § 2113(a), nonetheless received or possessed stolen bank property and knew it was stolen because he "participated" in the robbery in some way. Evidence concerning a defendant's participation in a robbery might not convince a jury of the existence of all of the substantive elements of § 2113(a), (b), or (d)—such as the element of force and violence, or intimidation, under § 2113(a). Yet other parts of that evidence—such as the defendant's presence at the scene of the robbery, outside of the bank, or in the getaway car—can provide strong indica-

tions that the defendant knew the money was stolen. We find no meaningful distinction between the paradigm § 2113(c) offender—the "receiver of loot" who is removed in time and place from the scene of the robbery—and the person who is acquitted of the bank robbery charge but has knowledge that the money was stolen because of his presence at or near the scene of the robbery. The "receiver of loot" might be at home, across the street from the bank, in the getaway car, or even in the bank and be convicted under § 2113(c), as long as he is not also found to have met all of the elements of § 2113(a), (b), or (d).[2]

This result is consistent with the reasoning in *Gaddis* and *Heflin*. When considering the propriety of dual charges under § 2113(a), (b), or (d) and § 2113(c), the *Gaddis* Court described a situation virtually identical to the present case. The Court stated that dual charges are proper when there is "clear evidence that the proceeds of a bank robbery were found in a certain person's possession, and less certain eyewitness or circumstantial evidence that that person was an actual participant in the robbery." *Gaddis*, 424 U.S. at 550 n. 13, 96 S.Ct. at 1027 n. 13. The Court did not establish a requirement for § 2113(c) that there must be evidence other than that of participation to establish the defendant's knowledge that the money was stolen. The prosecution need not show that the defendant did not participate in the robbery to obtain a conviction under § 2113(c), because "*Heflin* did not purport to, and did not, *add to or alter* the statutory elements of the offense under § 2113(c)." *Id.* at 550 n. 15, 96 S.Ct. at 1027 n. 15 (emphasis added); *cf. id.* ("If ... the indictment or information charges only a violation of

2. The facts of this case do not require us to reach the question whether a § 2113(c) conviction can be sustained where the prosecution alleges violations of § 2113(a) and (c), the evidence shows that the defendant was the *sole* participant in the robbery and knew the money was stolen because of that participation, and the defendant is acquitted of the § 2113(a) charge. Language in *Gaddis* and *Heflin* might indicate that the "receiver of loot" must be someone other than the actual robber, *see, e.g., Gaddis,*

424 U.S. at 547, 96 S.Ct. at 1025–26, (stating that § 2113(c) was designed " 'to provide punishment for those who receive the loot from the robber' ") quoting *Heflin*, 358 U.S. at 419, 79 S.Ct. at 453), even if the *identity* of the actual robber (but not his existence) is irrelevant, *see id.* at 550 n. 15, 79 S.Ct. at 1027 n. 15. In the present case, the jury could have concluded that Johnson received the loot from the robber—the unidentified man in the blue wig.

§ 2113(c), it is incumbent upon the prosecution at trial to prove beyond a reasonable doubt only the elements of that offense, and the identity of the participant or participants in the robbery or theft is irrelevant to the issue of the defendant's guilt."). Moreover, the core of the *Gaddis* and *Heflin* decisions is that § 2113(c) cannot be used to "pyramid penalties" on those convicted under § 2113(a), (b), or (d). *See id.; Heflin,* 358 U.S. at 419, 79 S.Ct. at 453–54. No such pyramiding-of-penalties concerns are presented in the instant case. Therefore, we conclude that the district court erred in its interpretation of § 2113(c) and improperly excluded the eyewitness testimony concerning Johnson's participation in the robbery when reviewing the sufficiency of the evidence for the § 2113(c) conviction.

## II. *The Alleged Inconsistency of the Jury's Verdicts*

The district court also set aside the jury's verdict on the ground that Johnson's conviction for violating § 2113(c) is inconsistent with his acquittal for violating § 2113(a). It stated that "the jury rejected [the eyewitness testimony] in finding that the defendant was not one of the bank robbers." Because "[t]here was no other additional evidence that Johnson knowingly possessed the stolen funds," it decided that "the jury necessarily relied upon speculation in concluding that [Johnson] knew the funds were those which came from the bank robbery."

We disagree with this analysis. As noted above, the fact that the jury found Johnson not guilty under § 2113(a) does not mean that it rejected all of the eyewitness testimony concerning Johnson's participation in the robbery. The jury acquitted Johnson because it failed to find one or more of the substantive elements of § 2113(a) beyond a reasonable doubt, not necessarily because it rejected the eyewitness testimony in its entirety.

■ Even if the verdicts were logically inconsistent, however, consistency in jury verdicts is not required. *United States v. Powell,* 469 U.S. 57, 63, 105 S.Ct. 471, 476,

83 L.Ed.2d 461 (1984); *id.* at 67, 105 S.Ct. at 478 (stating that sufficiency of the evidence review "should be independent of the jury's determination that evidence on another count was insufficient"); *Hamling v. United States,* 418 U.S. 87, 101, 94 S.Ct. 2887, 2899, 41 L.Ed.2d 590 (1974). The fact that a jury verdict of guilty on one count of an indictment is logically incompatible with a verdict of not guilty on another count does not warrant reversal of the conviction. *United States v. Stozek,* 783 F.2d 891, 894 (9th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 284, 93 L.Ed.2d 259 (1986). "A defendant can be convicted upon one or some of the counts but acquitted on another or others and the conviction will be sustained even though rationally incompatible with the acquittal." *United States v. Horowitz,* 756 F.2d 1400, 1406 (9th Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 74, 88 L.Ed.2d 60 (1985). Therefore, the eyewitness testimony should not have been excluded from the assessment of the sufficiency of the evidence supporting Johnson's conviction under § 2113(c).

## III. *The Sufficiency of the Evidence*

On a motion for judgment of acquittal, a court should set aside the jury's verdict only if, viewing the evidence in the light most favorable to the government, any rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Marabelles,* 724 F.2d 1374, 1377 (9th Cir.1984). The government is entitled to all reasonable inferences that might be drawn from the evidence. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Beecroft,* 608 F.2d 753, 756 (9th Cir.1979). The test applied by the trial court and the test applied by the appellate court when reviewing the trial court's decision are, as a practical matter, identical. *United States v. Leal,* 509 F.2d 122, 125 (9th Cir.1975). Although the district court did not review the suffi-

ciency of the evidence supporting the jury's verdict based on the correct interpretation of § 2113(c) discussed above, we will review the conviction under the proper legal standard because we stand in the same position as the district court for purposes of this review.

■ In the present case, Johnson's conviction is supported by sufficient evidence for a rational trier of fact to find the essential elements of § 2113(c) beyond a reasonable doubt. There is clear evidence that Johnson received or possessed money stolen from a federally insured bank. The evidence—and the inferences that can be fairly drawn from it—also amply support a finding that Johnson knew that the money was stolen. The prosecution introduced evidence that Johnson was at or near the bank during the robbery; that he was in the car used to leave the scene of the robbery; that he possessed a hat and shirt that matched clothing worn in the robbery; that the bait bills in his possession were stacked, paper-clipped, and peculiarly organized so that the presidents' heads all faced in the same direction; and that within hours of the robbery he was found in possession of the bait bills in the presence of the owner of the car used in the robbery. Therefore, we find that the evidence was sufficient to support the § 2113(c) conviction.

### IV. *The Alleged Violation of Due Process*

■ Johnson also argues that he is entitled to acquittal because the theory that he "was not the bank robber, but was in knowing possession of bank loot is being presented for the first time on appeal" and because "reliance on a theory not presented at trial would violate due process." He cites *Dunn v. United States,* 442 U.S. 100, 106–07, 99 S.Ct. 2190, 2194–95, 60 L.Ed.2d 743 (1979), and *Cola v. Reardon,* 787 F.2d 681 (1st Cir.1986), as support for this argument. Both because a theory that Johnson

participated in the robbery can support a conviction under § 2113(c) and because the indictment and the jury instructions sufficiently stated the charge under § 2113(c), we find no merit in Johnson's contention.

*Dunn* and *Cola* both involved a failure to charge the defendant in the indictment for the specific acts for which he was convicted. In *Dunn,* the indictment charged that the defendant made false statements at a hearing held on a particular date but failed to charge him for the acts for which he was convicted—making false statements at a hearing on a different date. *Dunn,* 442 U.S. at 103–07, 99 S.Ct. at 2192–95. In *Cola,* the indictment charged the defendant for unlawful representation because he negotiated certain loans and paid the debts of another but failed to charge him for the offense for which he was convicted—that he illegally represented another at a bankruptcy hearing. *Cola,* 787 F.2d at 691–93. In contrast, Johnson was charged in the indictment for the specific acts for which he was convicted.

■ Furthermore, the charge was sufficiently stated in the indictment to meet the requirements of due process. An indictment is sufficient if it states "the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against him, primarily so that he can defend himself against the charge and plead double jeopardy in appropriate cases." *United States v. Normandeau,* 800 F.2d 953, 958 (9th Cir.1986); *see* Fed.R. Crim.P. 7(c)(1). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence [*sic* ] intended to be punished.'" *Hamling,* 418 U.S. at 117, 94 S.Ct. at 2907 (quoting *United States v. Carll,* 105 U.S. (15 Otto) 611, 612, 26 L.Ed. 1135 (1882)). Because Johnson's indictment states the elements of § 2113(c), the approximate date on which Johnson

received and possessed the stolen money, the approximate location of his receipt of the money, and the location of the bank from which it was stolen,[3] it gave Johnson adequate notice to defend himself against the § 2113(c) charge. The indictment therefore meets the requirements of due process. *See, e.g., United States v. Tavelman,* 650 F.2d 1133, 1137–38 (9th Cir.1981), *cert. denied,* 455 U.S. 939, 102 S.Ct. 1429, 71 L.Ed.2d 649 (1982); *United States v. Anderson,* 532 F.2d 1218, 1222–23 (9th Cir.), *cert. denied,* 429 U.S. 839, 97 S.Ct. 111, 50 L.Ed.2d 107 (1976).

Finally, Johnson does not dispute that the jury was properly instructed on the § 2113(c) charge. That the prosecution might have emphasized the § 2113(a) charge at trial and given less attention to the § 2113(c) charge does not raise due process concerns.

## CONCLUSION

For the reasons given above, the district court's grant of the motion for acquittal is REVERSED and the case is REMANDED for hearings on sentencing and Johnson's motion that his conviction under § 2113(c) is a misdemeanor.

---

3. Count II of the indictment charged that Johnson "on or about August 5, 1985, at Tigard, Washington County, Oregon, in the District of Oregon, ... did knowingly receive, possess, conceal and store a sum of money, which money had been taken and carried away with intent to steal and purloin from ... the U.S. National Bank of Oregon, Tigard Drive-Up Branch, 11543 S.W. Pacific Highway, Tigard, Oregon, whose deposits were then and there insured by the Federal Deposit Insurance Corporation, and [he] well knew said money to have been taken and carried away from a bank; in violation of Section 2113(c), Title 18, United States Code."

