952 F.2d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oma Jesse BIBB, Defendant-Appellant.
 No. 90-10339.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 11, 1992.
 
 Before WALLACE, Chief Judge, and ALARCON and SNEED, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oma Jesse Bibb appeals his conviction following a jury trial for two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a)(d), and two counts of knowingly using and carrying a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). Bibb contends that the district court erred by admitting at trial evidence of a subsequent uncharged armed bank robbery. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review for abuse of discretion a district court's decision to admit evidence of other bad acts pursuant to Fed.R.Evid. 404(b). United States v. Ayers, 924 F.2d 1468, 1472 (9th Cir.1991).
 
 
 4
 We consider the following factors when determining whether evidence was properly admitted to prove identity under Rule 404(b): "(1) sufficient evidence must exist for the jury to find that the defendant committed the other acts; (2) the other acts must be introduced to prove a material issue in the case; [and] (3) the other acts must not be too remote in time...." Ayers 924 F.2d at 1473 (citation omitted).
 
 
 5
 Here, Bibb was charged in two robberies. The first was a robbery of a Security Pacific Bank in Fairfield, California shortly after opening on May 23, 1989. A dark complected black male in his twenties, wearing a clear theatrical mask with a shower cap, entered the bank and robbed every station occupied by a teller. He wore dark clothing and tennis shoes. The robber carried a sawed-off shotgun and dark blue or black nylon duffel bag. He referred to the tellers as "bitch." He used a get-away car to leave the bank. The second was a robbery of the American Savings Bank in Vallejo, California on June 5, 1989. The factual scenario was nearly identical to the previous robbery, except the robber wore a hood instead of a mask and used a different get-away car.
 
 
 6
 At trial, Bibb attempted to show that he did not commit the two charged bank robberies. The government introduced evidence of a subsequent uncharged robbery of a Sanwa Bank on June 14, 1989 to establish Bibb's identity as the robber in the prior two offenses.[1]
 
 
 7
 The evidence was sufficient to prove that Bibb committed the subsequent acts. See Ayers, 924 F.2d at 1473. Police officer David Spencer testified at trial that he responded to a reported armed bank robbery at the Sanwa Bank in Pinole, California on June 14, 1989. As he approached the bank, Officer Spencer observed a black Camaro speeding by in the opposite direction. A black male drove the Camaro. Officer Spencer reversed his direction and pursued the vehicle until he lost sight of it after approximately one to two minutes. Officer Spencer then received a dispatch from the Hill Top Shopping Center stating that mall security had an individual in custody who matched the description of the bank robber.[2] Upon arriving at the shopping center, Spencer recognized the black male in custody as the driver of the Camaro. A search of the Camaro located in the parking lot produced a sawed-off shotgun and a dark blue or black nylon bag containing the exact amount of money stolen from the Sanwa bank. Officer Spencer testified that Bibb was the individual he pursued leaving the bank.
 
 
 8
 Evidence of Bibb's Sanwa Bank robbery was introduced to prove a material issue in this matter. See id. To prove armed bank robbery, the government must show that the defendant committed the crime. United States v. Johnson, 804 F.2d 1078, 1081 (9th Cir.1986). Thus, the government was required to prove that Bibb was the individual who robbed the Security Pacific and American Savings banks. See Ayers, 924 F.2d at 1473.
 
 
 9
 The evidence presented at trial shows that Bibb, a black male, used a sawed-off shotgun, covered his face, carried a dark nylon bag, wore dark clothing and tennis shoes, called the teller a 'bitch' and used a get-away car during the Sanwa robbery.[3] The modus operandi in the two charged robberies is strikingly similar to Bibb's modus operandi during the Sanwa bank robbery and tends to prove that Bibb committed the previous two robberies. See id; United States v. Johnson, 820 F.2d 1065, 1069 (9th Cir.1987).
 
 
 10
 Bibb's subsequent bank robbery also was not too remote in time. See Ayers, 924 F.2d at 1474. The first two bank robberies occurred on May 23, 1989 and June 5, 1989, respectively. The uncharged bank robbery occurred on June 14, 1989.
 
 
 11
 Bibb contends that if the evidence of the Sanwa Bank robbery is admissible under rule 404(b), it should nonetheless be excluded under Fed.R.Evid. 403 because it was more prejudicial than probative. Evidence of the Sanwa Bank robbery " 'may be accepted only if on balance its probative value is not substantially outweighed by the danger of unfair prejudice to the defendant.' " See Ayers, 924 F.2d at 1474 (quoting United States v. Hodges, 770 F.2d 1475, 1479 (9th Cir.1985)). During the final jury instructions, the district court explained to the jury that:
 
 
 12
 You have heard evidence concerning a robbery of the Sanwa Bank in Pinole, California, on June 14, 1989. You should consider that evidence: (1) only in the event that by a preponderance of the evidence you conclude that the robbery at the Sanwa Bank occurred and that the defendant was the perpetrator of the robbery; and (2) only to prove the identity of the person who committed the two crimes charged in the indictment in the event that you find that all three robberies are based on a unique plan or modus operandi.
 
 
 13
 Since the need for the evidence was great and the district court's limiting instruction ensured that the evidence was admitted solely to prove identity, the balancing requirements of Fed.R.Evid. 403 weighed in favor of the admission of the evidence. See id., 924 F.2d at 1474.
 
 
 14
 Thus, the district court's admission of the evidence of the Sanwa robbery was not an abuse of discretion.[4] See id; Johnson, 820 F.2d at 1070.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government could not seek prosecution of the third bank robbery in this case because it occurred in a different jurisdiction
 
 
 [2]
 A mall security guard arrested Bibb when he exited a store through an unauthorized exit
 
 
 [3]
 In the first robbery, Bibb used his sister's Volkswagen Rabbit. There was no description of the get-away car in the second robbery. In the third robbery, Bibb used a black Camaro. Apparently, Bibb purchased the black Camaro shortly after the second robbery occurred
 
 
 [4]
 Bibb also argues that the district court erred by not giving a limiting instruction at the time the evidence was introduced as well as during the general charge to the jury at trial. This argument lacks merit. The trial court is not required to give sua sponte a limiting instruction concerning evidence of other acts where the defendant fails to request it. United States v. Multi-Management, Inc., 743 F.2d 1359, 1364-65 (9th Cir.1984). The district court has discretion to give a limiting instruction prior to the introduction of other acts evidence or during the final jury instructions. United States v. Rewald, 889 F.2d 836, 865 (9th Cir.1989), cert. denied 111 S.Ct. 64 (1990). Here, Bibb, who represented himself, failed to request that the limiting instruction be given prior to the introduction of the evidence. Thus, since the district court gave limiting instruction during the final jury instructions there was no reversible error. See id.; Multi-Management, Inc., 743 F.2d at 1364-65