999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harvey William HARPER, Petitioner-Appellant,
v.
James ROWLAND, Director; Attorney General of the State of
California, Respondents-Appellees.
 No. 91-56131.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1993.*
Decided July 9, 1993.
 
 Before FARRIS, NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Harvey William Harper, a former Los Angeles County Deputy District Attorney, was convicted of attempted incest and committing lewd acts upon a child. He was sentenced to 14 years imprisonment. The district court denied his petition for habeas corpus. We affirm.
 
 
 3
 Harper first claims that he was denied due process by the government's failure to record interviews that took place with Harper's wife and daughter. However, while the government may not in bad faith destroy recordings of interviews, it is under no duty to record interviews in the first instance. Miller v. Vasquez, 868 F.2d 1116, 1119-20 (9th Cir.1989). While "a bad faith failure to collect potentially exculpatory evidence would violate the due process clause," id. at 1120-21, there is insufficient evidence to infer that the government's decision not to record the interviews was made in bad faith.
 
 
 4
 Harper next argues that the government's investigatory techniques violated due process. He claims that the prosecution coerced and intimidated his daughter. There is insufficient evidence in the record to support Harper's essentially conclusory allegations. Harper's conflict-of-interest claim, which was not raised in the district court, and his allegation that the prosecution committed misconduct by granting his wife and daughter immunity fail for the same reason: Harper has produced inadequate evidence that a conflict existed or that immunity was granted.
 
 
 5
 Harper also challenges the sufficiency of the accusatory pleadings and claims that they failed to describe with sufficient specificity the nature of the charges against him and the dates on which the alleged crimes took place. The information alleged specific acts against specific victims, occurring on or about certain dates. Using the appropriate statutory language, it also described each element of the crime. We believe the accusatory pleadings were sufficiently clear and specific to have informed Harper of the allegations against him and to have allowed him to plead double jeopardy in the event of a subsequent prosecution. See United States v. Johnson, 804 F.2d 1078, 1084-85 (9th Cir.1986).
 
 
 6
 Harper also argues that the evidence was insufficient to support the conviction. In light of the direct testimony from the victims and from Harper's wife, we believe that a rational trier of fact could have found Harper guilty beyond a reasonable doubt.
 
 
 7
 Harper next claims that various trial court evidentiary rulings violated his due process rights. Such rulings merit habeas relief only if they "rendered the trial arbitrary or fundamentally unfair." McGuire v. Estelle, 902 F.2d 749, 753 (9th Cir.1990), rev'd on other grounds, 112 S.Ct. 475 (1991). Harper's principal objection is to the expert testimony of Dr. Summit, who Harper maintains was not qualified to testify as an expert. We disagree. Dr. Summit was a licensed physician and psychiatrist, with decades of counseling experience, and numerous publications.[1]
 
 
 8
 Finally, Harper claims judicial bias. He complains of the trial judge's body language, lopsided rulings for the prosecution, and evidentiary errors. He also claims that the sentence was excessive and that the trial judge admitted bias. We disagree that Harper has demonstrated judicial bias and reject his conclusory allegations as unsupported by the evidence.
 
 
 9
 After full consideration of petitioner's overlength arguments[2] and the trial court's record, the district court's denial of petition for writ of habeas corpus is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We have reviewed Harper's other evidentiary claims, and find no error that rendered the proceeding fundamentally unfair
 
 
 [2]
 Both the size of type and margins in appellant's briefs violate Fed.R.App.P. 32(a)