5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Duane LOPEZ, Defendant-Appellant.
 No. 93-10037.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 23, 1993.
 
 Appeal from the United States District Court for the District of Nevada, No. CR-92-00079-HDM; Howard D. McKibben, District Judge, Presiding.
 D.Nev.
 AFFIRMED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Duane Lopez appeals his conviction for assault resulting in serious bodily injury, in violation of 18 U.S.C. 113(f) and 1153(a). He argues that the evidence at trial was insufficient to establish that he committed the offense charged "within the Indian country." 18 U.S.C. 1153(a). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The government argues that because Lopez failed to move for a judgment of acquittal at trial pursuant to Fed.R.Crim.P. 29(a), we may review his sufficiency of the evidence claim "only to prevent a manifest miscarriage of justice or for plain error." United States v. Kuball, 976 F.2d 529, 531 (9th Cir.1992); see also United States v. Ward, 914 F.2d 1340, 1346 (9th Cir.1990) ("In order to preserve [the sufficiency of the evidence] issue on appeal, the defendant must move for a judgment of acquittal during the trial pursuant to Fed.R.Crim.P. 29(a)."). Lopez argues that he preserved the claim by making a timely post-trial motion for a judgment of acquittal, pursuant to Fed.R.Crim.P. 29(c).[1] We do not resolve this issue, however, because Lopez's sufficiency of the evidence argument fails even if it was properly preserved for appeal.
 
 
 4
 We review a sufficiency of the evidence claim "to determine whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quotation marks and citation omitted). The evidence in this case was sufficient to permit a rational juror to conclude beyond a reasonable doubt that Lopez assaulted Jolene Bessler within the boundaries of the Pyramid Lake Indian Reservation. Bessler testified that she and Lopez entered the reservation together in Lopez's truck on the night in question and did not leave the reservation prior to the assault; that she was able to describe the location of the assault to the police; and that the place on the reservation near Wadsworth, Nevada to which she went with the police was in fact the location of the assault. Michael Johnson, captain of the Pyramid Lake Police Department, testified that Bessler's description of the location of the assault "narrowed down [their search] to a very small area," that he and other officers "did not want to prompt her or lead her in any way" in locating the place of the assault, and that Bessler was "very emphatic" when they reached the location which she identified.
 
 
 5
 Lopez argues that Bessler's testimony was not credible because she testified at trial that she did not know where she was at the time of the assault, and because other testimony showed that she did not initially identify the location as being near Wadsworth. A rational juror could have concluded that although Bessler did not know where she was at the time of the assault, she was later able to describe the location with particularity and identify it when taken there by police. Lopez also argues that there was no physical evidence at the location identified by Bessler, that Bessler's testimony was inconsistent regarding whether she had been at that location with Lopez prior to the night of the assault, and that the jury was required to accord weight to his unimpeached testimony that the assault occurred at a specific location off the Pyramid Lake Reservation. Viewing the evidence in the light most favorable to the government, we conclude that a rational juror could have considered this evidence and decided to credit the testimony of Bessler rather than that of Lopez.
 
 
 6
 Finally, Lopez contends that the jury's acquittal on a separate charge of rape indicates that the jury did not find Bessler's testimony to be credible. He argues that the acquittal on the rape charge is therefore inconsistent with a finding that Bessler was sufficiently credible to support a determination that the assault took place on the Pyramid Lake Reservation. However, consistency in jury verdicts is not required when considering the sufficiency of evidence. United States v. Johnson, 804 F.2d 1078, 1083 (9th Cir.1986). "The fact that a jury verdict of guilty on one count of an indictment is logically incompatible with a verdict of not guilty on another count does not warrant reversal of the conviction." Id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This issue has not been squarely addressed by the Ninth Circuit. Lopez urges that we follow the First and Fifth Circuits in holding that a Rule 29(c) motion preserves a sufficiency claim for appellate review. United States v. Castro-Lara, 970 F.2d 976, 980 (1st Cir.1992) (movant under Rule 29(c) is "entitled to the benefit of the same standard of appellate review" as movant under Rule 29(a)), cert. denied, 61 U.S.L.W. 3818 (1993); United States v. Allison, 616 F.2d 779, 784 (5th Cir.) ("Under Rule 29(c) of the Federal Rules of Criminal Procedure, [the defendant] has preserved her right of appellate review."), cert. denied, 449 U.S. 857 (1980); see also United States v. Teague, 956 F.2d 1427, 1433 (7th Cir.1992) (defendant waives sufficiency claim by "fail[ing] to renew his motion for acquittal at the close of trial or within seven days after the verdict pursuant to Federal Rule of Criminal Procedure 29(c).")