5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Andrew L. WILSON, Petitioner-Appellant,
v.
R.G. BORG; Attorney General of the State of California,
Respondents-Appellees.
 No. 92-56144.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 10, 1993.
 
 Before: TANG, CANBY and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrew L. Wilson, a California state prisoner serving a life without parole sentence for murder, timely appeals the district court's denial of his petition for writ of habeas corpus. The district court had jurisdiction pursuant to 28 U.S.C. Sec. 2254; we have jurisdiction pursuant to 28 U.S.C. Sec. 2253 and 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * On October 23, 1984, at about 9:15 p.m., the victim and his girlfriend were seated in a pickup truck outside the victim's house in Los Angeles. Two men approached the truck, one on either side. The girlfriend, who had been sleeping in the passenger seat, awoke to find the men attempting to rob her and the victim. The man on her side leaned into the truck and threatened her. Wilson, on the driver's side of the truck, opened the vehicle door and took the victim's wallet. The two men ran away and were seen by at least one additional witness.
 
 
 4
 During the robbery, the victim was stabbed in the neck and the cheek with a knife that was broken in two by the impact. The victim was pronounced dead at the scene. At trial, the girlfriend positively identified Wilson as the assailant on the driver's side of the truck.
 
 
 5
 A California state jury convicted Wilson on one count of murder, with a special circumstance that the murder occurred during the commission of a robbery, and on one count of robbery. Both counts alleged that Wilson used a deadly weapon and that he had three prior felony convictions. The state announced prior to trial that it would not seek the death penalty.
 
 
 6
 Wilson's motion for new trial and to strike the special circumstance was denied. He was sentenced to life without parole, with a one-year enhancement for use of a deadly weapon. The California Court of Appeal, Second Appellate District, Division Three, affirmed the convictions. Wilson's petition for writ of habeas corpus to the California Supreme Court was denied.
 
 
 7
 On May 7, 1990, Wilson filed this habeas petition in U.S. District Court raising three issues: (1) the girlfriend's incourt identification of him was the result of an impermissibly suggestive pretrial identification procedure; (2) there was insufficient evidence to sustain the jury's finding on the special circumstance of murder while committing a robbery; and (3) he was denied his right to a personal, on the record jury waiver of the penalty phase of trial before imposition of the sentence of life without parole. The district court, through adoption of a magistrate's report and recommendation, denied Wilson's petition for writ of habeas corpus.
 
 II
 
 8
 We review de novo the denial of a petition for writ of habeas corpus. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). The district court, pursuant to 28 U.S.C. Sec. 636(b)(1)(B), approved and adopted the findings, conclusions, and recommendations of the magistrate judge. We review the findings of fact adopted by the district court under the clearly erroneous standard. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 
 9
 * Wilson claims that the in-court identification of him by the girlfriend was the product of impermissibly suggestive pre-trial identification procedures. "To determine whether an out-of-court identification procedure is so impermissibly suggestive as to taint subsequent identification testimony in deprivation of the defendant's due process rights, we examine the totality of the surrounding circumstances." United States v. Nash, 946 F.2d 679, 681 (9th Cir.1991) (citing United States v. Bagley, 772 F.2d 482, 492 (9th Cir.1985), cert. denied, 475 U.S. 1023 (1986)). If the questioned procedures are not unduly suggestive, our due process inquiry ends. Id. Even if we determine that the identification sprang from an unduly suggestive procedure, it need not be excluded if the totality of the circumstances supports its reliability. Id.
 
 
 10
 The magistrate's report and recommendation, adopted by the district court, analyzes in detail the pre-trial identification procedures in this case. See Report and Recommendation of United States Magistrate, August 30, 1990, at 3-10. After review of the facts and relevant law, we agree that the identification procedures were not unduly suggestive. The record shows that the girlfriend selected Wilson's photograph without coaching, and her subsequent identifications remained consistent.
 
 B
 
 11
 Wilson next claims that there was insufficient evidence to support the jury's finding of special circumstance. To return a special circumstances verdict, the jury had to find that:
 
 
 12
 (1) the murder was committed while Wilson was engaged in or was an accomplice to a robbery;
 
 
 13
 (2) Wilson intended to murder the victim or aid another in the murder of the victim; and
 
 
 14
 (3) the murder was committed in order to facilitate the commission of a crime, an escape therefrom, or in order to avoid detection.
 
 
 15
 A conviction is supported by sufficient evidence if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We assign "all reasonable inferences that might be drawn from the evidence" to the government. United States v. Johnson, 804 F.2d 1078, 1083 (9th Cir.1986). The record contains sufficient evidence to support the finding that Wilson committed the murder during a robbery.
 
 C
 
 16
 Under California law, the only case in which the jury determines the penalty is in a special circumstance case where the jury can choose between life imprisonment without parole or death. Here, the state did not seek the death penalty. Wilson was not entitled to a penalty phase in his trial; the applicable and only penalty for the crime was life imprisonment without parole. Cal.Penal Code Sec. 190.2(a).
 
 III
 
 17
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3