15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Alvaro ECHAVARRIA-OLARTE, Petitioner-Appellant,
v.
Janet RENO**, Attorney General for the United
States of America, Respondent-Appellee.
 No. 93-15752.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 22, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Federal prisoner Alvaro Echavarria-Olarte appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his conviction for conspiracy to possess with intent to distribute cocaine and six counts of transportation in aid of racketeering.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 The denial of a motion under Sec. 2255 is reviewed de novo. Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987). The sufficiency of an indictment also is reviewed de novo. United States v. Yarbrough, 852 F.2d 1522, 1530 (9th Cir.), cert. denied, 488 U.S. 866 (1988).
 
 
 4
 An indictment is sufficient if it states the elements of the offense charged with sufficient clarity to apprise the defendant of the charge against him in sufficient detail to enable him to prepare his defense and to plead double jeopardy in a later prosecution. See United States v. Johnson, 804 F.2d 1078, 1084 (9th Cir.1986). An indictment should be a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). "A constructive amendment of an indictment occurs when the evidence produced at trial supports a crime other than that charged in the indictment." United States v. Alvarez, 972 F.2d 1000, 1003 (9th Cir.1992), cert. denied, 113 S.Ct. 1427 (1993). A constructive amendment is considered prejudicial per se. United States v. Von Stoll, 726 F.2d 584, 586 (9th Cir.1984).
 
 
 5
 Echavarria-Olarte contends that counts one and two of the indictment failed to state the essential element of unlawful activity, and that this defect violated his fifth amendment right to indictment by a grand jury and sixth amendment right to be informed of the charges against him. Specifically, he alleges first that the indictment is fatally flawed by its failure to reference an actual exchange of controlled substance. Counts one and two of the indictment allege steps involved in a "cocaine" conspiracy. Echavarria-Olarte was arrested before any actual exchange, and the indictment did not need to allege any such exchange. See Johnson, 804 F.2d at 1084. Second, the indictment purportedly is insufficient by failing to cite the substantive statutory violation with which Echavarria-Olarte was charged. Each of the substantive offenses, however, are found within the subchapter referenced by the applicable conspiracy sections charging possession and importation of cocaine in the indictment. See id. Finally, Echavarria-Olarte contends that the jury instructions constituted a constructive amendment of the indictment by stating that conspirators could be culpable for acts of other conspirators pursuant to Pinkerton v. United States, 328 U.S. 640, 647 (1946).[2] Reference to an underlying substantive offense is not a constructive amendment, because the conspiracy is necessarily based on the same set of facts. Count 25 failed to name Echavarria, instead naming three coconspirators. This was not an amendment but a variant, of which he does not allege prejudice. Consequently, the district court did not err in finding the indictment sufficient, see Fed.R.Crim.P. 7(c)(1), nor in finding no constructive amendment of the indictment, see Alvarez, 972 F.2d at 1003.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore Echavarria-Olarte's request for oral argument is denied
 
 
 **
 Janet Reno is substituted for William Barr pursuant to Fed.R.App.P. 43(c)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Echavarria-Olarte initially appeared pro se and filed a pro se brief. Rebecca Donaldson filed a notice of appearance as counsel on October 14, 1993. This action was originally filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241 and was converted by the district court to a motion pursuant to 28 U.S.C. Sec. 2255
 
 
 [2]
 The particular jury instruction provided: "Now, if you find that Mr. Echavarria is guilty of conspiracy as charged in count 1 or 2, you may also find the defendant guilty of the substantive offense as charged in the other counts of the indictment provided that you find the essential elements of those counts--counts as I have just given them to you--have been established beyond a reasonable doubt, and provided that you also find beyond a reasonable doubt, that the offense defined in the substantive count was committed pursuant to the conspiracy; and second, that Mr. Echavarria was a member of the conspiracy at the time that offense was committed."