**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>HARJIT BHAMBRA,<br><br>Defendant - Appellant. | No. 11-10580<br><br>D.C. No. 3:09-cr-01088-SI-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted January 15, 2013[**]
San Francisco, California

Before: TASHIMA, GRABER, and FISHER, Circuit Judges.

Defendant appeals his convictions, secured in two separate trials, for

immigration fraud, in violation of 18 U.S.C. §§ 1001(a), 1015(a), 1425(a), and tax

fraud, in violation of 26 U.S.C. § 7206(1), (2). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

1. Defendant's acquittal on one of the immigration-related charges does not mean that there was insufficient evidence to support his convictions for the other immigration-related offenses. See United States v. Johnson, 804 F.2d 1078, 1083 (9th Cir. 1986) ("The fact that a jury verdict of guilty on one count of an indictment is logically incompatible with a verdict of not guilty on another count does not warrant reversal of the conviction."). The question is whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found, beyond a reasonable doubt, the essential elements of the crimes of which the jury convicted Defendant. Id. (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Here, ample testimonial and documentary evidence supported Defendant's convictions.

2. We reject Defendant's argument with respect to the tax-related offenses for the same reasons. Consistency of the verdicts is not required, and there was ample documentary and testimonial evidence to support Defendant's tax-related convictions under the Jackson standard.

3. The admission, in the tax trial, of testimony about Defendant's submission of a false vehicle registration was not reversible error. Even assuming that the district court erred, "[t]his court reverses for nonconstitutional errors in admitting evidence only if it is more probable than not that the erroneous

2

admission of the evidence materially affected the jurors' verdict." <u>United States v. Arambula-Ruiz</u>, 987 F.2d 599, 605 (9th Cir. 1993) (internal quotation marks omitted).  Here, the jury <u>acquitted</u> Defendant of the charge to which the challenged testimony was directed, and the evidence that supported the charges of conviction was overwhelming.  Thus, any error that may have occurred was harmless.

**AFFIRMED.**