**NOT FOR PUBLICATION**

**FILED**

FEB 5 2025

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-2678 |
| Plaintiff - Appellee, | D.C. No. 2:15-cr-00474-PSG-10 |
| v. | |
| GREGORY HEARNS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted February 3, 2025**
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Gregory Hearns appeals his conviction and sentence for one count of health care fraud in violation of 18 U.S.C. § 1347. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

1.     Hearns argues that the district court erred in responding to a jury note

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

by failing to correct the jury's purported misunderstanding about whether billing certifications for the allegedly false claims for payment charged in the indictment had been admitted into evidence. We review for abuse of discretion both the district court's response to the jury note, *see Arizona v. Johnson*, 351 F.3d 988, 993 (9th Cir. 2003), and the district court's denial of Hearns's motion for a new trial based on that response, *see United States v. Kellington,* 217 F.3d 1084, 1094-95 (9th Cir. 2000).

Hearns has not shown that the district court abused its discretion. "While it is certainly true that the district court should assist the jury in clarifying matters within the judge's province, that responsibility is limited to answering legal, not factual questions." *United States v. Evanston*, 651 F.3d 1080, 1086 (9th Cir. 2011) (citing *Johnson*, 351 F.3d at 994). Accordingly, we have "cautioned" district courts to "proceed circumspectly in responding to inquiries from the jury" because "the jury may not enlist the court as its partner in the fact-finding process." *Id.* at 1087 (cleaned up). Here, the district court reasonably concluded that commenting on the evidence as Hearns proposed could have invaded the jury's province as fact-finder. The parties in their closing arguments had already accurately described the admitted billing certifications as "examples" and argued about the inferences the jury should draw from those examples, and the district court was therefore concerned that it might be misinterpreting the jury's note.

To the extent Hearns argues that the jury's split verdict supports his claim, his argument fails, because "apparently inconsistent verdicts" cannot "serve as a basis for setting aside a jury's verdict." *United States v. Johnson*, 804 F.2d 1078, 1080 (9th Cir. 1986); *see generally United States v. Powell*, 469 U.S. 57 (1984); *see also United States v. Christensen*, 828 F.3d 763, 794-95 (9th Cir. 2015) (rejecting argument of instructional error that "in substance . . . [was] less a complaint about an error in the instructions than it [was] about a potentially inconsistent verdict").

2.      Hearns contends for the first time on appeal that the jury likely convicted him based on an invalid theory of fraud. Specifically, Hearns asserts that the government had argued that Hearns committed fraud by participating in a scheme to submit claims for payment for counselling sessions that either: (1) never occurred or (2) did not comply with certain regulations. And Hearns contends that a theory of liability based on the submission of counseling sessions that did not comply with certain regulations was an invalid theory of fraud. We find no error, let alone plain error. *See United States v. Brown*, 771 F.3d 1149, 1156 (9th Cir. 2014). As Hearns acknowledges, each of the counts in the indictment—including Count 15, of which he was convicted—was based on a claim for payment for a counseling session that never occurred.

3.      Viewing the evidence in the light most favorable to the government,

3                                                          23-2678

*see United States v. Nevils*, 598 F.3d 1158, 1161 (2010) (en banc), sufficient evidence supports Hearns's conviction. For example, Hearns's colleague in the billing department testified that counselors' logs included purported counseling sessions on days that schools would not be open and that Hearns "knew firsthand" of these problems. The government also presented evidence that Hearns submitted approximately half of the organization's claims and generally certified the claims, including claims for purported counseling sessions at the relevant school and at the relevant time. Further, the evidence shows that Hearns was present at meetings when counselors raised concerns that they could not bill for more sessions consistent with the regulatory requirements and that Hearns pressured counselors to increase their billing in ways that suggested that they should violate the regulatory requirements.

4. Hearns argues that the district court failed to provide an adequate explanation for its sentence when it varied upward from the Guidelines range of 0-6 months. "[A]bsent objection at sentencing, we review for plain error a claim that the district court procedurally erred by failing to adequately explain its sentence." *United States v. Sandoval-Orellana*, 714 F.3d 1174, 1181 (9th Cir. 2013).

The district court did not plainly err. Viewed in light of the entire record, the court's comments indicate that it believed that a sentence of 12 months and 1 day reflected Hearns's culpability in comparison to other defendants who

participated in the fraudulent billing scheme and that a shorter sentence would have resulted in disparities.  *See* 18 U.S.C. § 3553(a)(6).  The district court also noted that, unlike other defendants, Hearns refused to accept responsibility for his conduct.

**AFFIRMED.**