UNITED STATES of America,
Plaintiff–Appellant,

v.

Joe Willie McLAURIN, Defendant–
Appellee.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Joe Willie McLAURIN, Defendant–
Appellant.

Nos. 94–10298, 94–10385.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 1995.

Decided June 14, 1995.

Louis M. Fischer, U.S. Dept. of Justice, Washington, DC, for plaintiff-appellant-appellee.

Michael Stuhff, Asst. Federal Public Defender, Las Vegas, NV, for defendant-appellee-appellant.

Before: CUMMINGS *, SCHROEDER, and RYMER, Circuit Judges.

SCHROEDER, Circuit Judge:

In these cross-appeals we confront the aftermath of a verdict from a jury that was not properly instructed on inconsistent charges as required by *United States v. Gaddis,* 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976). Joe Willie McLaurin was tried for bank robbery in violation of 18 U.S.C. § 2113(a), and receipt of stolen bank funds in violation of subsection (c) of the same statute. The jury hung on the bank robbery charge and convicted McLaurin of receiving stolen bank funds. The government appeals from the dismissal at retrial of the bank robbery charge. McLaurin appeals from his sentence under the Sentencing Guidelines for receipt of stolen bank funds.

## BACKGROUND

The bank robbery in issue occurred on November 30, 1993, when George Dean Singleton robbed the First Interstate Bank in

* Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation.

Las Vegas, Nevada, of $2,348.00. The police tracked the signal transmitted from a beeper pack enclosed with the loot. The trail led to the Western Hotel where McLaurin was found with $2,113.00, and the beeper pack, in his pockets.

Immediately after his arrest, McLaurin made a voluntary statement in which he told detectives that he had seen a car speed past him and that he picked up a paper bag that had been thrown from the car. He stated that he found the money in the bag, put it in his pockets, and then ran to the hotel. He also stated that he did not know where the money came from, but that "[i]t could have been dope money, it could have been stolen money."

Singleton was later convicted of bank robbery. No direct evidence ever linked McLaurin to the bank robbery itself. There was evidence that another black male drove Singleton's getaway vehicle, and the government's theory at trial, corroborated by the testimony of McLaurin's cellmate, Robert King, was that McLaurin was the getaway driver.

McLaurin offered to plead guilty to the receipt of stolen bank funds charge prior to trial, but the government refused to accept the offer. At trial, McLaurin argued that he had obtained possession of the loot after the robbery and that he could not be convicted of having committed the robbery itself.

Through apparent inadvertence, the jury was never instructed that it should consider the bank robbery count first, and that it should reach the receipt of stolen bank funds count only if it found the defendant not guilty of bank robbery. *See Gaddis*, 424 U.S. at 550, 96 S.Ct. at 1027; *United States v. Johnson*, 804 F.2d 1078, 1081 (9th Cir.1986). The jury hung on the bank robbery charge and then, because of the instructional error, went on to consider and convict on the receipt of stolen bank funds charge. The district court declared a mistrial on the bank robbery count.

McLaurin did not, and he does not here, seek to set aside the § 2113(c) conviction, for which he received a sentence of 21 months' imprisonment. The government sought to retry him on the bank robbery charge. McLaurin moved for dismissal on the ground that the government could not lawfully retry him on a theory that was inconsistent with the jury's findings in the first trial. The district court granted his motion to dismiss, and the government appeals. We affirm.

In addition, McLaurin appeals his sentence on the receipt count, contending that he should have been given a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. We affirm the sentence as well.

## THE GOVERNMENT'S APPEAL

■ The government concedes that the district court erred in failing to instruct the jury as to the order in which it should have considered counts 1 and 2. Under Supreme Court and Ninth Circuit law, an individual cannot be convicted under both § 2113(a), bank robbery, and § 2113(c), receipt and possession of stolen bank funds. As the Supreme Court in *United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976), held:

> If, upon the trial of the case the District Judge is satisfied that there is sufficient evidence to go to the jury upon both counts, he must ... instruct the members of the jury that they may not convict the defendant both for robbing a bank and for receiving the proceeds of the robbery. He should instruct them that they must first consider the charges under § 2113(a) ... and should consider the charge under § 2113(c) *only if they find insufficient proof that the defendant himself was a participant in the robbery.*

*Id.* at 550, 96 S.Ct. at 1027, *quoted in United States v. Johnson*, 804 F.2d 1078, 1081 (9th Cir.1986) (emphasis added).

■ The Court in *Gaddis* followed *Heflin v. United States*, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), which held that subsection (c) was not designed to increase the punishment for bank robbers, but was a wholly different offense. *Id.* at 419–20, 79 S.Ct. at 453–54. Quoting *Heflin*, the *Gaddis* court noted that

receipt or possession of the proceeds of a bank robbery in violation of § 2113(c) is simply not a lesser included offense within the total framework of the bank robbery provision of § 2113. Rather, § 2113(c) reaches a different "group of wrongdoers," *i.e.*, "those who receive the loot from the robber."

*Gaddis*, 424 U.S. at 548, 96 S.Ct. at 1026 (quoting *Heflin*, 358 U.S. at 419–20, 79 S.Ct. at 454).

McLaurin was satisfied with his conviction on receipt of stolen funds but the government was not and moved to retry McLaurin on the bank robbery charge. The district court held that because the theories underlying the two crimes were inconsistent, the jury's conviction on receipt of stolen bank funds collaterally estopped the government from contending in a second trial that the defendant was the bank robber rather than a recipient of stolen funds from the robbery.

▇▇▇ The Fifth Amendment guarantee against double jeopardy encompasses the doctrine of collateral estoppel. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). This circuit employs a three-step test to determine whether collateral estoppel applies:

(1) An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine; (2) an examination of the record of the prior case to decide whether the issue was "litigated" in the first case; and (3) an examination of the record of the prior proceeding to ascertain *whether the issue was necessarily decided in the first case.*

*Pettaway v. Plummer*, 943 F.2d 1041, 1043–44 (9th Cir.1991) (emphasis added) (citation omitted), *cert. denied*, —— U.S. ——, 113 S.Ct. 296, 121 L.Ed.2d 220 (1992).

In this appeal, the government challenges the district court's dismissal, arguing that the third prong of the collateral estoppel test has not been met. It contends that for collateral estoppel to apply, the jury needed to have found that the defendant was not involved in the robbery by acquitting him on the first count. Because the jury hung on the robbery count, the government argues that the issue was not "necessarily decided." The irony, of course, is that the Supreme Court's holding in *Gaddis* tells us that, as a matter of law, if the § 2113(c) conviction (possession/receipt of stolen bank funds) is to have any validity, then the jury must have found the defendant not guilty of the bank robbery charge on which the government now seeks a new trial.

▇▇▇ It is true that the jury did not reach a unanimous decision expressly finding the defendant not guilty of bank robbery. The Supreme Court has recognized, however, that for double jeopardy purposes, acquittal may be either express or implied. For example, where the jury convicts a defendant on a lesser offense, but does not declare a verdict on a greater offense, there is an implied acquittal on the greater offense, and no retrial on that offense is possible. *See Price v. Georgia*, 398 U.S. 323, 329, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970) (finding implied acquittal on greater charge where jury rendered verdict of guilty on lesser included offense and was given full opportunity to return verdict on greater charge). The government may proceed in a single prosecution on inconsistent theories, but the Double Jeopardy Clause's prohibition against successive prosecutions prevents the government from retrying a defendant on a theory inconsistent with an earlier judgment of conviction or acquittal. *See Dowling v. United States*, 493 U.S. 342, 347–49, 110 S.Ct. 668, 671–73, 107 L.Ed.2d 708 (1990).

▇▇▇ Here, the jury reached a unanimous verdict finding the defendant guilty of receipt of stolen bank funds. A § 2113(c) conviction is not a lesser included offense of bank robbery, *see Gaddis*, 424 U.S. at 548, 96 S.Ct. at 1026; *United States v. Buchner*, 7 F.3d 1149, 1153 (5th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1331, 127 L.Ed.2d 378 (1994), but as the Court recognized in *Gaddis* and *Heflin*, a defendant cannot be guilty of both offenses. The conviction on the stolen funds charge therefore should result in an implied acquittal on the robbery charge, provided that the jury was presented with a full opportunity to return a verdict on either charge.

There is no doubt that this jury had such an opportunity, notwithstanding the *Gaddis* instructional error. The court instructed the jury that each count charged a separate crime and that it should give separate consideration to each count.

The government asserts that if the defendant is convicted of bank robbery at retrial, McLaurin's rights nonetheless will be protected because the conviction and sentence for receipt of stolen bank funds will be vacated. However, the double jeopardy problem we face is not merely one of multiple punishments, but one of multiple prosecutions. *United States v. Saccoccia*, 18 F.3d 795, 798 (9th Cir.1994) (double jeopardy clause protects against both multiple punishments and multiple trials) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989)). As this court held in *Pettaway*, the possibility "that the second jury would convict [appellant] by reaching a conclusion directly contrary to that reached by the jury in the first trial ... is abhorrent to the principles underlying the Double Jeopardy Clause." *Pettaway*, 943 F.2d at 1047. The government's assurance that the defendant will ultimately receive only one punishment cannot overcome the double jeopardy barrier against a second trial.

Furthermore, the government itself bears some responsibility for this result. The government knew that McLaurin was willing to plead guilty to a § 2113(c) violation. It decided to charge McLaurin with violations of both §§ 2113(a) and (c). However, the government failed to assure that the jury was properly instructed under *Gaddis*. Consequently, the jury was able to consider whether McLaurin was guilty of receiving funds knowing they were stolen from a bank in violation of § 2113(c) before reaching a verdict on whether he was a participant in the bank robbery itself. As a result, McLaurin was convicted on the § 2113(c) count.

Had the jury been correctly instructed, and been unable to reach a verdict on the bank robbery count, it could not have considered the § 2113(c) count and a mistrial would have left the government free to retry McLaurin on *both* counts. As it is, the jury *did* consider the § 2113(c) count and convicted McLaurin on it. There is nothing we can now do about that conviction: it is not appealed, and is a final judgment. Under *Gaddis*, McLaurin cannot lawfully be convicted both of bank robbery and receipt of stolen funds.

The error that permitted McLaurin to stand convicted of the § 2113(c) violation was thus effectively invited by the government's failure to request the instruction that *Gaddis* requires. For that reason as well as on constitutional grounds, the government is foreclosed from retrying on that count and thereby benefitting from the error by getting a second bite at the apple. The district court therefore correctly dismissed the bank robbery charge at retrial.

## THE SENTENCING APPEAL

McLaurin claims he is entitled to an adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a)[1] because he acknowledged at the time of his arrest that he suspected the money was dirty and because he offered to plead guilty to § 2113(c), the only count on which the jury convicted him. The crime with which he was charged and convicted, however, requires a showing that the defendant knew that the funds were stolen bank funds, 18 U.S.C. § 2113(c). This the defendant never acknowledged. McLaurin's reliance on *United States v. McKinney*, 15 F.3d 849 (9th Cir.1994), is misplaced. In that case, the defendant not only attempted to plead guilty to the crime for which he was ultimately convicted (as did McLaurin), but

---

1. U.S.S.G. § 3E1.1(a) provides:
    If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by two levels.
    The application notes to 3E1.1 list several non-exhaustive considerations that should impact the 3E1.1(a) inquiry. McLaurin argues that his con-

duct implicates at least two of these factors: (a) "truthfully admitting the conduct comprising the offense[s] of conviction" and (h) "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." U.S.S.G. § 3E1.1(a) applic. notes 1(a) & (h).

also made a full confession at the time of his arrest and expressed contrition "soon after his arrest, in his confession statement, in open court at trial, *and* at his sentencing hearing." *Id.* at 854. The district court did not clearly err in denying the adjustment in the circumstances of this case. *See United States v. Martinez–Gonzalez,* 962 F.2d 874, 878 (9th Cir.1992); U.S.S.G. § 3E1.1 applic. note 5.

AFFIRMED.