112 F.3d 518
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lloyd WILLIAMS, Defendant-Appellant.
 No. 96-56384.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Lloyd Williams, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his sentence for conspiracy to possess methamphetamine and cocaine with intent to distribute, and possession with intent to distribute. Williams contends: (1) he was entitled to an adjustment for acceptance of responsibility; (2) the district court erred by finding that the methamphetamine involved was d-methamphetamine rather than l-methamphetamine; (3) he received ineffective assistance of counsel; and (4) he was entitled to an evidentiary hearing. We have jurisdiction under 28 U.S.C. § 2255. We review de novo both an order denying a Section 2255 motion and a determination that a prisoner was not denied effective assistance of counsel, see Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and we affirm.
 
 
 3
 Williams contends that the district court erred by: (1) failing to grant a two-level reduction for acceptance of responsibility; and (2) finding his drug conspiracy conviction involved d-methamphetamine rather than l-methamphetamine. Because Williams failed to raise these issues at sentencing or on direct appeal, they may not be raised under this section 2255 motion. See United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir.1996); United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994).[1]
 
 
 4
 Williams also contends that counsel was ineffective for failing to challenge the type of methamphetamine at sentencing.
 
 
 5
 To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate that his counsel's performance was deficient and that he was prejudiced by the deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984); McMullen, 98 F.3d at 1157-58. It is the government's burden to present evidence sufficient for the district court to find that the drug involved was d-methamphetamine. See McMullen, 98 F.3d at 1157-58.
 
 
 6
 Here, the government provided a chemical analysis of the methamphetamine which concluded that it contained the isomer dextro-methamphetamine. Moreover, at sentencing, Williams did not object to the district court's finding that the type of methamphetamine involved in the transaction was d-methamphetamine. Williams has submitted no evidence that the methamphetamine involved in the transaction was not d-methamphetamine, not even a self-serving affidavit stating that it was l-methamphetamine produced in his own laboratory. See McMullen, 98 F.3d at 1158. Thus, Williams has failed to satisfy the prejudice requirement. See Strickland, 466 U.S. at 687-88. Accordingly, the district court did not err by denying Williams's ineffective assistance of counsel claim. See id.; McMullen, 98 F.3d at 1157-58.
 
 
 7
 Because Williams has failed to allege specific facts entitling him to relief, the district court did not abuse its discretion by denying him an evidentiary hearing. See McMullen, 98 F.3d at 1159.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Williams's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if we consider Williams's acceptance of responsibility claim properly raised, it lacks merit. See United States v. McLaurin, 57 F.3d 823, 827-28 (1995)