UNITED STATES of America, Plaintiff–Appellee,

v.

Enzo Guel ROMEO, Defendant–Appellant.

No. 96–50337.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 1997.

Decided May 28, 1997.

---

Stephen R. Scarborough, Federal Defenders of San Diego, Inc., San Diego, California, for defendant-appellant.

Michael P. Skerlos, Assistant United States Attorney, San Diego, California, for plaintiff-appellee.

Before O'SCANNLAIN and TASHIMA, Circuit Judges, and WHALEY, District Judge.*

TASHIMA, Circuit Judge:

This is an appeal from an order of the district court denying appellant Romeo's motion to dismiss the remaining count of a two-count indictment on the ground of collateral estoppel. Because that doctrine implicates the constitutional protection against double jeopardy, we have jurisdiction to review this interlocutory order under *Abney v. United States,* 431 U.S. 651, 659, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977). *See United States v. Cejas,* 817 F.2d 595, 596 (9th Cir.1987) (extending *Abney* to collateral estoppel rulings).

## I.

Romeo was charged in a two-count indictment with: (1) the importation of marijuana, in violation of 21 U.S.C. §§ 952, 960; and (2) possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). After a trial by jury, Romeo was acquitted, by a general verdict, of the possession with intent to distribute count. The jury, however, deadlocked on the importation count,[1] as to which a mistrial was declared. Appellant subsequently moved for an acquittal on the mistried count, arguing that collateral estoppel barred its retrial.

Without recounting the facts in detail, the evidence showed that Romeo drove a Volkswagen with a trunkful of marijuana, 188.45 pounds, from Mexico into the United States. The marijuana lay unconcealed in 18 packages in the trunk and was discovered at the San Ysidro Port of Entry.

Romeo, who testified at the trial, claimed lack of knowledge that the marijuana was in the automobile. He testified that a woman named Juanita, whom he had met in Tijuana two days before his return border crossing, and with whom he had spent the intervening two days and nights, asked him to drive the car across the border for her and that she would later call him to pick it up. Romeo could not recall Juanita's surname.[2]

The only contested element, and the only contested issue argued to the jury, was Romeo's knowledge-whether or not he knew that there was marijuana in the car.

---

* The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

1. The jury stood 11–1 for acquittal on the deadlocked count.

2. Appellant's story was partially impeached with his own prior inconsistent statements made to a Customs agent.

## II.

■ "As collateral estoppel is encompassed in the constitutional protection against double jeopardy, we review de novo the district court's denial of [Romeo's] motion to dismiss on collateral estoppel grounds." *United States v. Stoddard,* 111 F.3d 1450, 1458 (9th Cir.1997).

Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970).

■ We employ a three-step approach to make the collateral estoppel determination: (1) An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine; (2) an examination of the record of the prior case to decide whether the issue was "litigated" in the first case; and (3) an examination of the record of the prior proceeding to ascertain *whether the issue was necessarily decided in the first case.*

*United States v. McLaurin,* 57 F.3d 823, 826 (9th Cir.1995) (quoting *Pettaway v. Plummer,* 943 F.2d 1041, 1043–44 (9th Cir.1991)) (emphasis added by *McLaurin* ). Here, only the third step of this determination is contested. The Supreme Court has instructed us, however, that that examination should not be formalistic.

[T]he rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." The inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." Anything more technically restrictive would, of course, simply amount to a rejection of the rule of collateral estoppel in criminal proceedings, at least in every case where the first judgment was based upon a general verdict of acquittal.

*Ashe,* 397 U.S. at 444, 90 S.Ct. at 1194 (citation and footnotes omitted).

■ The elements of the acquitted count are: (1) that the defendant knowingly possessed marijuana; and (2) that he possessed it with the intent to deliver it to another person. Ninth Cir.Crim.Jury Instr. 9.04A (1995). As in *United States v. Seley,* 957 F.2d 717, 721 (9th Cir.1992), "[t]he volume of marijuana ... was such that any reasonable juror under the instructions would infer intent to deliver. Thus, the acquittal was likely based on the government's failure to prove possession or knowledge." [3] Given that we must take into account the nature of the prior proceeding and the fact that the quantity of marijuana involved here, 188 pounds, far exceeded any quantity that conceivably could be possessed for any "non-distribution" purpose, under *Ashe's* "realism and rationality" approach, we conclude that "a rational jury could [not] have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." 397 U.S. at 444, 90 S.Ct. at 1194. That issue, knowledge, was the only element that was contested. Thus, we conclude that it was necessarily decided in the first trial. Because the issue has been litigated, collateral estoppel bars its relitigation.

Knowledge is also an essential element of the count remaining for retrial, the importation of marijuana. Ninth Cir.Crim.Jury Instr. 9.04M (1995) ("Second, the defendant knew it was marijuana or some other prohibited drug."). Because the government is foreclosed by collateral estoppel from relitigating the element of knowledge, the district

---

**3.** The quantity of marijuana involved in this case, 188.45 pounds, is twice as much as the 95 pounds involved in *Seley. See* 957 F.2d at 718.

court erred in denying Romeo's motion to dismiss the remaining count.

The dissent argues that the application of collateral estoppel to this case is "irrational" because logic requires that the jury would also have acquitted on the importation count, if its verdict were based on lack of knowledge. While consistency may carry some weight when assessing verdicts of guilty and not guilty on related counts, *see United States v. Powell,* 469 U.S. 57, 60, 105 S.Ct. 471, 474, 83 L.Ed.2d 461 (1984), the argument has considerably less force when the contention is, as the dissent asserts, that the jury's *verdict* on one count is inconsistent with its *failure to reach a verdict* on another count. The point was forcefully made in *Seley:*

> The government urges us to rely on *Powell* to find a logical inconsistency in the Seley verdicts. There is none. The jury acquitted on possession and importation; they reached no verdict on conspiracy. This is not the logically inconsistent mixed verdict of acquittals and convictions to which *Powell* applies. Even if we were to accept the government's invitation to apply the "rationale of *Powell,*" we would not arrive at the government's result. If we approach every acquittal suspecting that the jury may have nullified, acquittals could never be said to settle questions of ultimate fact, and *Ashe* would mean nothing at all. "The mere possibility that the jury acted irrationally, without more, will not negate the collateral estoppel effects of a prior verdict if a rational interpretation of the verdict as a whole is possible." *Pettaway,* 943 F.2d at 1046.

957 F.2d at 723. The lesson from *Seley* is clear. Because there are so many variable factors which can cause a jury not to reach a verdict, we will not speculate on why the jury could not agree. The inquiry under *Ashe* is what the jury actually decided when it reached its verdict, not on why the jury could not agree on the deadlocked count.

The reading of the jury's not guilty *verdict* which we adopt attributes much less irrationality to the jury than does the dissent's reading. A necessary corollary to the dissent's reading of the verdict is that, although Romeo knowingly possessed the marijuana, he possessed the 188 pounds of marijuana *without* the intent to distribute it. This "consistency" argument attributes far more irrationality to the jury's verdict than realistically recognizing that any number of reasons could explain the "inconsistency" on the part of the holdout juror. It is not the realistic and rational reading of the verdict that *Ashe* requires.

**REVERSED.**

O'SCANNLAIN, Circuit Judge, dissenting:

The rule of collateral estoppel applies only if an issue was "necessarily decided" in the first case. *United States v. McLaurin,* 57 F.3d 823, 826 (9th Cir.1995). In the first case, the jury hung on whether Romeo knowingly brought marijuana into the United States. That means, I believe, that the jury could not decide whether Romeo knowingly brought marijuana into the United States. How, then, did the jury "necessarily decide" that Romeo did not knowingly bring marijuana into the United States? Well, quite frankly, I do not think it did.

The jury acquitted Romeo in the first trial on Count 2, possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and hung on Count 1, importation of marijuana in violation of 21 U.S.C. §§ 952 and 960. To be guilty of possession with intent to distribute, a defendant must (1) knowingly possess marijuana and (2) possess it with the intent to distribute it. To be guilty of importation, a defendant must knowingly bring marijuana into the United States.

The majority concludes that when the jury acquitted Romeo of possession with intent to distribute, it necessarily decided that Romeo did not know that he possessed marijuana in his trunk. Knowledge, the majority explains, was the only issue at trial, for any reasonable juror would have inferred an intent to distribute. Thus, the rule of collateral estoppel would preclude the government from introducing evidence at the second trial that Romeo knew drugs were in his trunk.

I certainly agree with the majority that we must apply the rule of collateral estoppel "with realism and rationality." *Ashe v. Swenson,* 397 U.S. 436, 444, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). But it seems to me that if the jury necessarily decided that Romeo did not know that drugs were in his trunk, the jury necessarily would have acquitted him of knowingly importing drugs into the United States. The jury, however, did not acquit him. Rather, the jury could not decide whether Romeo knowingly brought drugs into the United States. It seems oddly surrealistic and irrational to hold that the jury necessarily decided that which it confessed it could not decide.

This case is hardly "indistinguishable" from *United States v. Seley,* 957 F.2d 717 (9th Cir.1992). In *Seley,* the jury acquitted the defendant of both importation and possession with intent to distribute, but hung on a conspiracy count. We held that when the jury acquitted Seley of importation and possession with intent to distribute, the jury necessarily decided that he did not know that marijuana was in his possession. Such knowledge, however, was not an essential element of the conspiracy count that the jury could not decide. Even though the jury necessarily and unanimously decided that Seley did not know that he possessed marijuana, the jury still could have convicted him of conspiracy. *Id.* at 722.

Here, quite unlike *Seley,* we must hold that the jury irrationally could not decide whether Romeo knowingly brought marijuana into the United States because it "necessarily decided" that Romeo did not knowingly possess marijuana. Does not *Seley,* like *Ashe,* require that we approach this case with "realism and rationality"?

I am not persuaded that "[t]he volume of marijuana ... was such that any reasonable juror under the instructions would infer intent to deliver." *Id.* at 721. As a matter of law, "it is impossible to know exactly why a jury found a defendant not guilty on a certain charge." *United States v. Watts,* —— U.S. ——, ——, 117 S.Ct. 633, 637, 136 L.Ed.2d 554 (1997). As a matter of fact, the district judge-who heard all the evidence and himself instructed the jury-concluded that

the issue of distribution may not have been proved under the instruction he gave.

Since I am persuaded that collateral estoppel doesn't apply under these circumstances, I respectfully dissent.