133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antony ALROY, Defendant-Appellant.
 No. 96-50413.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1997.
Decided Dec. 24, 1997.
 
 Before GIBSON,** KOZINSKI, and Trott, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-Appellant Antony Alroy appeals the district court's denial of his motion for partial dismissal of the government's Third Superseding Indictment. Appellant's motion alleged the government was collaterally estopped from retrying him. We affirm the district court's denial of Appellant's motion.
 
 
 3
 "Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same partied in any lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970). The court must determine if the jury could have rationally based its verdict on any issue other than the one Appellant seeks to foreclose. Id. at 443-44. It is Appellant's burden to show the jury could not have based its verdict on any other issue. Dowling v. United States, 493 U.S. 342, 350 (1990); United States v. Lasky, 600 F.2d 765, 769 (9th Cir.1979), cert. denied, 444 U.S. 979 (1979).
 
 
 4
 In order to evaluate a claim of collateral estoppel, the court must engage in "(1) [a]n identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently material to both actions to justify invoking the doctrine; (2) an examination of the record of the prior case to decide whether the issue was 'litigated' in the first case; and (3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case." United States v. McLaurin, 57 F.3d 823, 826 (9th Cir.1995). Appellant's burden is met if the issues in both the new and mistried counts are the only issues litigated and necessarily decided in Appellant's acquittal. See, e.g., United States v. Romeo, 114 F.3d 141, 143 (9th Cir.1997) (only knowledge was contested).
 
 
 5
 Appellant has no met this burden. The jury could have acquitted Appellant on the money laundering count on several bases other than defendant's knowledge of the counterfeited goods. For example, the district court concluded that the jury could have acquitted Appellant because the jury believed he did not know about the counterfeited goods until after the checks were sent to Italy.
 
 
 6
 Because the jury's acquittal could have been based on issues litigated and necessarily decided other than knowledge, the district court's denial of Appellant's motion is AFFIRMED.
 
 
 
 **
 The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3