FILED

DEC 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30207 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00064-HZ-1 |
| v. | |
| CYRUS ANDREW SULLIVAN, | ORDER[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted December 12, 2014[**]
Seattle, Washington

Before: McKEOWN, TALLMAN, and OWENS, Circuit Judges.

On April 15, 2013 and pursuant to a signed plea agreement, Cyrus Sullivan

knowingly and voluntarily pleaded guilty to making a threatening communication in

violation of 18 U.S.C. § 875(c) through use of electronic communications, including

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Internet. We have examined the terms of Sullivan's waiver of appeal and find that its scope is unambiguous and precludes an appeal of the challenged terms of supervised release:

> Defendant knowingly and voluntarily waives the right to appeal <u>from any aspect of the conviction and sentence on any grounds</u>, except for a claim that the sentence imposed exceeds the statutory maximum penalty. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

Plea Agreement ¶ 12 (emphasis added); *see also United States v. Joyce*, 357 F.3d 921, 923–25 (9th Cir. 2004) (plea agreement waiver of "any aspect of the sentence imposed in this case" included waiver of right to appeal special conditions of supervised release).

The only possible exception that may apply to Sullivan's waiver of appeal is if the sentence is illegal because it "exceeds the permissible statutory penalty for the crime or violates the Constitution." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). We have examined special conditions of supervised release 7 and 8 and conclude that they are not illegal. *See United States v. Goddard*, 537 F.3d 1087, 1089–90 (9th Cir. 2008); *United States v. Rearden*, 349 F.3d 608, 620–21 (9th Cir. 2003). Because the use of a computer and the Internet was "essential to the

2

commission of" Sullivan's crime, *United States v. Antelope*, 395 F.3d 1128, 1142 (9th Cir. 2005), and because the conditions are "not absolute," but permit access subsequent to approval by Probation, the conditions "do[] not plainly involve a greater deprivation of liberty than is reasonably necessary," *Rearden*, 349 F.3d at 621. *See also* 18 U.S.C. § 3583(d).

DISMISSED.