**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>CYRUS ANDREW SULLIVAN,<br><br>Defendant-Appellant. | No. 16-30238<br><br>D.C. No. 3:13-cr-00064-HZ-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted October 6, 2017
Portland, Oregon

Before: PAEZ and BEA, Circuit Judges, and ANELLO,[**] District Judge.

Cyrus Sullivan appeals the district court's order amending and modifying

conditions of supervised release imposed following Sullivan's conviction for

making a threatening communication in violation of 18 U.S.C. § 875(c). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

jurisdiction under 28 U.S.C. § 1291.  We review a district court's conclusions regarding supervised release conditions for abuse of discretion.  *United States v. Gnirke*, 775 F.3d 1155, 1159 (9th Cir. 2015).  We affirm.

Prior to his arrest, Sullivan created and operated a website called STDCarriers.com that allowed registered users to post anonymously information about the sexual health of third parties.  One woman, A.K., learned that her former boyfriend had posted derogatory information about her on Sullivan's website.  A.K. contacted Sullivan to remove this information, which sparked a series of combative communications between Sullivan and A.K.  Eventually, Sullivan sent A.K. a hostile and threatening email that resulted in the criminal charge under § 875(c).  Sullivan pleaded guilty, and the district court imposed several conditions of supervision.  In this appeal, Sullivan seeks relief from special condition 8, which prohibits Sullivan from owning or operating any former website, including STDCarriers.com, and any similar website that offers reputation management services.[1]

Sullivan contends special condition 8 constitutes an impermissible

---

[1]  Sullivan also challenges the imposition of special condition 12, which subjects his employment to approval by the probation officer.  The district court, however, recently revoked Sullivan's supervised release and imposed new release conditions, which include special condition 8 but omit special condition 12.  As such, Sullivan's challenge to special condition 12 is moot.

occupational restriction.[2]  A district court can impose an occupational restriction that limits a defendant's engagement only "in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense."  18 U.S.C. § 3563(b)(5).  Additionally, the district court must find "there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted."  U.S.S.G. § 5F1.5(a)(2).

Sullivan argues there is no direct relationship between the operation of STDCarriers.com and making a threatening communication via email.  However, as the district court noted, "This whole event arose because the defendant was running this particular business."  Sullivan also used his business email address to send the threatening email to A.K.  Accordingly, the district court did not abuse its discretion in finding a direct relationship between the occupational restriction and

---

[2]  This Court affirmed on direct appeal the imposition of a former version of special condition 8, which prohibited Sullivan from accessing any online computer service or directing third parties to do so on his behalf without prior written approval of the probation officer.  *See United States v. Sullivan*, 588 F. App'x 631, 632 (9th Cir. 2014) ("We have examined special conditions of supervised release 7 and 8 and conclude that they are not illegal.").  The government argues collateral estoppel bars Sullivan's current challenge, and moves for judicial notice of Sullivan's opening brief filed in his direct appeal.  The government's motion is granted.  Collateral estoppel, however, does not bar Sullivan's current challenge because the issues in the two actions are not "sufficiently similar and sufficiently material . . . to justify invoking the doctrine." *United States v. Smith-Baltiher*, 424 F.3d 913, 919 (9th Cir. 2005) (quoting *United States v. Romeo*, 114 F.3d 141, 143 (9th Cir. 1997)).

Sullivan's offense of conviction. *See United States v. Betts*, 511 F.3d 872, 874-75 (9th Cir. 2007).

We also reject Sullivan's argument that special condition 8 is not reasonably necessary to protect the public because there is no evidence that, absent special condition 8, he "will continue to engage in unlawful conduct similar to that for which he was convicted." U.S.S.G. § 5F1.5(a)(2). The record reflects that Sullivan's website generated "complaints from people literally around the world," and Sullivan's attorney conceded at the motion hearing that "it's always possible that this situation is going to resume itself." The district court did not abuse its discretion in finding that Sullivan would likely engage in unlawful conduct similar to issuing threatening communications if he continued to operate his website or any similar website. *See Betts*, 511 F.3d at 875 ("The public is entitled to be protected against crimes flowing from the same character trait demonstrated by the crime.").

**AFFIRMED.**

16-30238